# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MEHDI MOGHADDAM (#B-36212), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 14 C 7275 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| S.A. GODINEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. This matter is before the Court on Defendants' motion to dismiss the complaint for failure to state a claim [18]. For the reasons stated below, the motion is denied. Defendants are directed to answer or otherwise plead within thirty days of the date of this order. This matter is set for a status conference on March 11, 2015 at 9:00 a.m.

## I.     Background[1]

Until recently, Plaintiff Mehdi Moghaddam was an Illinois state prisoner confined at the East Moline Correctional Center. Defendant Salvador Godinez is the Director of the Illinois Department of Corrections. Defendant David Gomez is the Deputy Director of the Illinois Department of Corrections. Defendant Michael Lemke is the former Warden of Stateville Correctional Center.

Plaintiff alleges that he was transferred from the Will County Jail to Stateville Northern Reception and Classification Center on November 30, 2012. When he arrived there, he was

---

[1] For the purposes of Defendant's motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

forced to sleep on the floor of Housing Unit 2 until December 5, 2012. On October 15 and 16, 2013, Plaintiff was forced to sleep in an open caged area with birds flying overhead dropping feces on him. Additionally, there was only one sink and one toilet for use by over sixty inmates.

**II.     Legal Standard**

A motion brought under Rule 12(b)(6) challenges the sufficiency of the complaint. See *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's factual allegations must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Put differently, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).

In reviewing the sufficiency of a complaint under the plausibility standard, courts accept the well-pleaded facts in the complaint as true. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Moreover, it is well-established that courts construe *pro se* complaints liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (citation and internal quotation marks omitted).

### III. Analysis

Defendants argue (1) that Plaintiff fails to sufficiently allege Defendants' personal involvement, and (2) that the claim is factually implausible. Neither argument justifies dismissing Plaintiff's complaint at this stage of litigation.

To state a claim under § 1983, a plaintiff must allege that the defendants were personally involved in the alleged constitutional violation. See *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of *respondeat superior*. See *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Nevertheless, the dismissal of a *pro se* complaint on grounds of active personal involvement is inappropriate where the official's position justifies an inference that the official had some direct involvement in the alleged violation. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996). In *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996), the Seventh Circuit found that an inference of involvement was justified to sustain claims against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged "potentially systemic," rather than "clearly localized," constitutional violations. *Id*. at 1428-29; see also *Lieberman v. Budz*, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010).

Plaintiff's allegations involve the conditions in the Stateville Correctional Center's Northern Reception and Classification Center. Drawing inferences in Plaintiff's favor, the Court finds that the conditions pleaded are "potentially systemic" rather than "localized." Accordingly, dismissal would be inappropriate.

With respect to Defendants' second argument, the Court completed an initial review of the complaint pursuant to 28 U.S.C. § 1915A in an order [5] issued on October 1, 2014. In that order, the Court concluded that Plaintiff stated a claim for unconstitutional conditions of confinement under *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012). Courts screen prisoner litigation claims under Section 1915A in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. See *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). In Rule 12(b)(6) motions, counsel sometimes identify a ground for dismissal that was not apparent to the Court on its initial review, but that is not the case here.

Defendants contend that Plaintiff insufficiently pleads a claim and that his complaint contains only two sentences. However, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint contains sufficient factual matter to state a plausible claim to relief.

In finding that Plaintiff has stated a claim, the Court takes no position on whether Plaintiff will ultimately succeed on his claims. It will ultimately be for Plaintiff to provide the evidence necessary to support his allegations. Moreover, this order is not intended to discourage either party from filing a properly supported motion for summary judgment at the close of discovery. Lastly, the Court encourages the parties to explore the possibility of settlement prior to beginning discovery.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss [#18] is denied. Defendants are directed to answer or otherwise plead within thirty days of the date of this order. This matter is set for a status conference on March 11, 2015, at 9:00 a.m.

Dated: January 15, 2015

United States District Judge